# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00686-WDM-BNB

MARTIN RAMIREZ, and
SYNERGEST, INC., an Illinois corporation,
RENE VISHNEY, and
ALTYRIS, INC., a North Carolina corporation
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

vs.

EWORK, INC., a Delaware corporation, and
EWORK MARKETS, INC., a Delaware corporation,
f/k/a "ProSavvy Inc."
f/k/a "eWork Exchanges, Inc."
f/k/a/ "PenGroup, Inc."
f/k/a "Industry Innovations, Inc."
f/k/a "Premier Expert NetGroup, Inc."

                Defendants.

---

## STIPULATED [PROPOSED] PROTECTIVE ORDER AND
## CONFIDENTIALITY AGREEMENT ACKNOWLEDGEMENT

---

All parties, by and through their respective undersigned counsel, respectfully request that this Court adopt this Protective Order and Confidentiality Agreement Acknowledgement as an order of this Court:

1.     This Protective Order shall apply to all documents, materials, and information, including with out limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information (other than information that

is publicly known or available), disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, and designated as "Confidential" in this action, entitled *Martin Ramirez, et al. v. eWork, Inc., et al.*, 06-CV-00686-WDM-BNB ("Litigation" ).

2. For purposes of this Protective Order, the term "Party" means any named party to this Litigation. All parties to this Litigation are collectively referred to as the "Parties." Materials designated "Confidential" under this Protective Order are collectively referred to as "Confidential Material." Non-parties to this Litigation may agree to be bound by the terms of this protective order as set forth in paragraph 3. The term "Producing Party" means any Party to this Litigation and any non-party that agrees to be bound by the terms of this Protective Order pursuant to paragraph 3 that produces or discloses information designated as "Confidential" under this Protective Order. The term "Receiving Party" means any Party or any non-party that agrees to be bound by the terms of this Protective Order pursuant to paragraph 3 that receives Confidential Materials that are produced or disclosed in this Litigation or that elicits "Confidential" deposition testimony from a Producing Party. "Designating Party" means any Party or any non-party who agrees to be bound by the terms of this Protective Order pursuant to paragraph 3 that designates documents or information as "Confidential" under the terms of this Protective Order.

3. Non-parties may accept and agree to be bound by the terms of this Protective Order, provided that each participating non-party first shall execute the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A, and provide a copy of the executed Exhibit A to all counsel for all current parties, except as to non-testifying consultants, which are specifically addressed in paragraph 13 below. A non-party to this Litigation that agrees to be

bound by the terms of this Protective Order may designate as "Confidential" documents and information that the non-party is producing pursuant to the provisions of this Protective Order.

4. Confidential Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial, and appellate proceedings in this Litigation, and for no other purpose whatsoever.

5. The Designating Party producing or disclosing Confidential Material may designate it as "Confidential." Material designated "Confidential" means documents, materials, and information that: (1) prior to disclosure in this Litigation has not been publicly disclosed; and (2) contains proprietary information, personal information, trade secrets, financial information, marketing or business plans, technical information, or other information that the Designating Party reasonably and in good faith, and in accordance with the law or a reasonable extension of the law, believes should be produced only pursuant to the terms of a protective order. Documents, information, or testimony obtained from a source other than discovery material received from a Designating Party shall not be deemed "Confidential," regardless of whether such information is also contained in discovery material designated as "Confidential," so long as such information is lawfully obtained through other means. A lawyer for the Designating Party must be responsible for designating information as "Confidential," and must designate information as "Confidential" only after a review of the information and based on a reasonable and good faith belief that it is Confidential Material or otherwise entitled to protection.

6. Where the Designating Party produces original documents or tangible items for inspection, the designation of "Confidential" shall be permitted to be made to that group of

documents; provided, however, that all documents or groups of documents produced shall be produced as they are kept in the usual course of business and that the designation is made in writing to all Parties before or at the inspection. Once any such documents are selected for printing or photocopying, however, the provisions of paragraph 7 through 11 below shall govern.

7. The Designating Party or its counsel may designate any documents, materials, and information, or other tangible material as "Confidential" by placing on or affixing it, in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on each page or part of the document or thing containing such 'Confidential" information. ~~A Receiving Party, may~~ designate as "Confidential" any document produced to it by that the Producing Party originally received from or provided to the Receiving Party subject to a confidentiality agreement. If a Receiving Party makes a "Confidential" designation, the Receiving Party shall provide copies of the documents it has designated (or written identification of the documents by Bates number) and written notification of the Receiving Party's confidentiality designation to the Designating Party ~~within thirty (30) calendar days after receiving the documents from the Designating Party.~~ If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Parties and/or the Designating Party, who shall then indicate in writing the level of confidentiality that shall apply to the documents at issue. Any disputes regarding these designations shall be resolved pursuant to paragraph 28 of this Protective Order.

8. The Designating Party or its counsel or participating non-party or its counsel may designate depositions or other testimony as "Confidential" by the following means:

        a.        stating orally on the record, with reasonable precision as to the affected testimony, on the day of the testimony is given, that this information is affected "Confidential" testimony; or

        b.        sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential" within thirty (30) days after receipt of the transcripts, during which thirty (30) day period any such deposition or testimony shall be treated as "Confidential."

Whenever Confidential Materials are expected to be disclosed in a deposition, the Party or participating non-party making the designation shall have the right to exclude from attendance at the portion of the deposition during which Confidential Materials will be discussed all persons not authorized under this order to receive Confidential Material. All designations pursuant to this paragraph shall be made reasonably and in good faith.

9.        Any transcript designated "Confidential" shall be bound separately and marked as including information that is "Confidential," respectively, and any transcript so marked shall be given to or shown to only those persons who would otherwise be permitted to view such "Confidential" material, respectively, pursuant to the terms of this Protective Order.

10.       Parties may later designate documents or testimony that is not initially designated as Confidential Material in accordance to paragraph 7 through 9 in the manner set forth in those paragraphs. After such designation is made, the document shall be treated as Confidential Material, unless the Court rules against such designation pursuant to paragraph 28 below.

11.       All Confidential Material not reduced to documentary or tangible form or that cannot conveniently be designated in the manner set forth in paragraph 7 through 9, shall be

designated by a Party as "Confidential" by informing the other Parties of the designation in writing contemporaneous with the production of the Confidential Material and labeling the container for the Confidential Material with the appropriate legend.

12. Absent written consent from the Designating Party or unless otherwise directed by the Court, Confidential Material any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

    a. The Court (including Clerks and other Court personnel)

    b. The Parties, including the officers and employees to the extent necessary for the conduct of the Litigation, and their counsel, including legal staff and in-house counsel, and clerical and litigation support personnel, such as secretaries, paralegals, and document clerks, or other support staff, who are employed by such counsel and are working under the express direction of such counsel.

    c. Court reporters (including videographers) who record depositions or other testimony in the Litigation;

    d. Independent experts and consultants, including their administrative and clerical personnel, provided that the disclosure is made solely for purposes of the Litigation and only after such expert/consultant signs Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below;

    e. Translators and interpreters of foreign language documents or testimony, provided that disclosure is made solely for purposes of the Litigation and only after such

translator or interpreter signs the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below;

    f.    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

    g.    Witnesses at depositions or pretrial hearings in this matter; provided, however, that any such witness signs the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A and has been approved to receive such information pursuant to paragraph 13 below, and such disclosure is necessary to further the purposes of the Litigation;

    h.    Outside photocopying, scanning, graphic production services, or litigation support services employed by the Parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system.

    i.    Any other person to whom the Parties agree in writing; and

    j.    Any other person whom this Court specifically allows disclosures, after notification to the Designating Party by the Party seeking to make such disclosure, and an opportunity to reply by the Designating Party.

    13.    A Party desiring to have Confidential Material of another Designating Party disclosed to any person pursuant to paragraph 12(d), 12(e), or 12(g) of this Order, except for non- testifying consultants, which are addressed separately below, shall first give written notice to the Designating Party, who shall have ten (10) days after such notice is given (plus three (3) days if notice is given by mail or electronic transmission) to object in writing. The Party desiring to disclose Confidential Material to any such person shall provide the person's curriculum vitae

or resume if no curriculum vitae exists, and shall include the following information about such person in the written notice:

> Business address;
>
> Business title;
>
> Business or profession;
>
> Any previous or current relationship (personal or professional) with any of the Parties; and
>
> Any current relationship (personal or professional) with others in the field of online procurement of consulting services.

No Confidential Material shall be disclosed to such person until after the expiration of the foregoing notice. If, however, during the notice period the Party giving notice receives a written objection from the Producing Party, there shall be no disclosure of Confidential Material to such person, except by Court order or written withdrawal of the objection. The Party or non-party objecting to the disclosure of the Confidential Material to such person shall provide an explanation of the basis of its objection, and consent to the disclosure of Confidential Material to a proposed recipient shall not be withheld unreasonably.

A Party desiring to have Confidential Material of another Designating Party disclosed to a non-testifying consultant pursuant to paragraph 12(d) of this Order shall give written notice to the Designating Party ten (10) days before any disclosures of Confidential Material that the non-testifying consultant signed the Confidentiality Agreement Acknowledgement attached hereto as Exhibit A, but need not disclose the identity of the non-testifying consultant or provide a copy of the executed Confidentiality Agreement Acknowledgement to the Designating Party or the opposing Party. Counsel for the Party desiring to disclose Confidential Material shall retain the

original executed Confidentiality Agreement Acknowledgement for the non-testifying consultant, which shall be subject to *in camera* review by the Court of good cause for review is demonstrated by the opposing Party.

14. Any person obtaining information from Confidential Material may not divulge that information to anyone who would not be permitted to have the information under the provisions of this Protective Order. Neither Confidential Material nor the contents thereof shall be used for any purpose other than this Litigation whatsoever.

15. Any person who is permitted to view Confidential Material pursuant to this Protective Order shall be asked to read this Order and shall be apprised by counsel that he or she is bound by the terms thereof, and that person shall execute a Confidentiality Agreement Acknowledgement.

16. The recipient of any Confidential Material that is provided pursuant to this Protective Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

17. Nothing in this Protective Order shall prevent the Designating Party from disclosing its own Confidential Material produced by it, whether or not also produced by the other Party, as it deems appropriate, ~~and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Productive Order~~. 

18. The Parties shall confer at or before the time their objections to trial exhibits are due to be served on opposing Parties regarding the use of Confidential Material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing Confidential Material at trial.

19.     Confidential Material shall not be copied or reproduced for use in the Litigation except to the extent such copying or reproduction is reasonably and necessary to the conduct of the Litigation, and such copies or reproductions shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Material are made does not preserve the confidentiality designations that appear in the original of the documents, all such copies or reproductions shall be designated in the manner set forth in Paragraph 7 above.

20.     Complete or partial copies of Confidential Material and summaries, digests, analyses, reports, or other documents, including pleadings, motions, and other filings, prepared from or containing Confidential Material bearing the designations specified in Paragraph 7 above shall be treated as Confidential Material, as designated, under this Protective Order.

21.     This Protective Order does not permit any Party to file any material with the Court under seal or to present evidence at trial under seal without Court approval. Any document, material, or information filed with the Court that reproduces or otherwise discloses Confidential Material shall be filed in accordance with D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3. This Protective Order is intended only to govern pretrial discovery. Nothing contained herein is intended to limit or broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26(c).

22.     If the Court denies permission to file or present particular Confidential Material under seal, then the Party seeking to file or present it shall not be precluded from filing with or presenting to the Court the Confidential Material.

~~23.   If the Court grants permission to file or present Confidential Material under seal,~~ the parties may seek the return of the sealed documents by a motion filed within sixty (60) days after the case is closed. Any documents not so withdrawn will become part of the public case ~~file.~~



24.   Should any Confidential Material, any copies, or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this Protective Order, then the Party responsible for the unauthorized disclosure shall use its best efforts to obtain the return of such Confidential Material and bind such person a copy of this Protective Order and shall (a) promptly provide such person a copy of this Protective Order, (b) use its best efforts to cause such person to acknowledge in a written statement, in the form attached hereto as Exhibit A, that he or she has read the Protective Order and agrees to be bound by the terms thereof, and provide such written statement to the Designating Party, and (c) identify such person immediately to the Designating Party.

25.   By this Protective Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provisions of this Protective Order by application on notice on any grounds.

26.   Nothing herein shall be construed as limiting the Parties from using or disclosing any information that is in the public domain or that, subsequent to the disclosure, becomes part of the public domain other than by an act or violation of the terms of this Protective Order. Nor shall this Protective Order be construed as limiting the Parties from using or disclosing any

information designated "Confidential" that was acquired by means other than discovery in this Litigation, so long as such information is lawfully obtained through other means.

27. The Receiving Party may object to the designation of particular material designated as "Confidential" by giving written notice to the Designating Party not later than sixty (60) days after the latest of: (1) the close of discovery; (2) the date on which the Party produced the supposedly Confidential Material; or (3) the date on which the Party was required to have disclosed the supposedly Confidential Material. Any such objection shall clearly identify the designation to which the objection is directed. The parties shall attempt to resolve their differences within ten (10) days from the time notice of written objection is received. If they are unable to do so, the Designating Party must file a motion with the Court to request-that the material be designated "Confidential" subject to the protections of this Protective Order. If the Designating Party fails to file such a motion with the Court within ten (10) days from the time the notice of the objection is received, its "Confidential" designation shall be deemed waived. The Designating Party shall give proper notice of any such motion to the Receiving Party (and, if applicable, any witness). In connection with a motion filed under this provision, the Party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material under the Protective Order. The material shall be treated as "Confidential" subject to the protections of this Protective Order until the Court rules on the Designating Party's motion.

28. If the Receiving Party desires to attach material designated "Confidential" to a motion or pleading to be filed with the Court, and the Receiving Party objects to the designation of the particular material as "Confidential," the Receiving Party shall give written notice to the

Designating Party that identifies the material to which the objection is directed. The parties shall attempt to resolve their differences within five (5) days from the time notice of objection is received. If they are unable to do so, the Designating Party must file an appropriate motion with the Court requesting that the material be designated "Confidential" subject to the protections of this Protective Order. If the Designating Party fails to file such a motion with the Court within ten (10) days from the time the notice of objection is received, its "Confidential" designation shall be deemed waived. The Designating Party shall give proper notice of any such motion to the Receiving (and, if applicable, any witness). In connection with a motion filed under this provision, the Party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material. The material shall be treated as "Confidential" subject to the protection of this Protective Order until the Court rules on the Designating Party's motion.

29. A copy of this Protective Order shall be included in the service of any subpoena for documents of deposition testimony directed to any non-party.

30. This Protective Order shall be binding upon the Parties in this Litigation, upon each non-party that has agreed to abide by its terms, and upon their respective counsel, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and independent contractors.

31. Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or otherwise, all Confidential Material, all copies, digests or summaries thereof, and any other documents containing any such Confidential Material, shall be returned to counsel for the Designating Party or destroyed, if the Designating Party requests destruction, except that counsel

may retain their work product and copies of each court filing, deposition transcript, trial or hearing transcript, exhibit list, and exhibit, provided said retained documents will continue to be treated as provided in this Protective Order. If a Party chooses to destroy Confidential Material, counsel for the Party shall certify as to the date, the method of destruction and the bates range of such Confidential Material destroyed, and transmit such certification to opposing counsel within 14 days of the completion of destruction. The Protective Order does not require a Party to return or destroy any document or information it obtained from a source not bound by the terms of this Protective Order, so long as such information is lawfully obtained through other means.

32. The obligations and duties arising under this Protective Order and under any acknowledgement or agreement pursuant thereto shall be effective immediately and shall survive the termination of this Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Protective Order.

33. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the Parties agree to confer in good faith by telephone, in person, or via email, within ten (10) days of the aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Protective Order. If the Parties are unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain relief against such person or entity.

Respectfully submitted,

DATED: September 14, 2006

s/Jessica L. Hoff
Charles W. Lilley
Karen Cody-Hopkins
Jessica L. Hoff
CHARLES LILLEY & ASSOCIATES P.C.
1600 Stout Street, 11th Floor
Denver, CO 80202
Phone: (303) 293-9800
Facsimile: (303) 298-8975
clilley@lilleylaw.com
kcody-hopkins@lilleylaw.com
jhoff@lilleylaw.com

Marvin A. Miller
Anthony F. Fata
MILLER, FAUCHER AND CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
Phone: (312) 782-4880
Facsimile: (312) 782-4485
mmiller@millerfaucher.com
afata@millerfaucher.com

***Counsel for Plaintiffs and the Class***


s/Leo P. Norton

Andrew Hartman
Carolyn Juarez
COOLEY GODWARD LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
FAX: (720) 566-4099
Email: ahartman@cooley.com
Email: cjuarez@cooley.com

Michelle C. Doolin

Leo P. Norton
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
FAX: (858) 550-6420
Email: doolinmc@cooley.com
Email: lnorton@cooley.com

ATTORNEYS FOR DEFENDANTS EWORK,
INC. AND EWORK MARKETS, INC.

**SO ORDERED** this \_\_22d\_\_ day of \_\_September\_\_, 2006

_____
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00686-WDM-BNB

MARTIN RAMIREZ, and
SYNERGEST, INC., an Illinois corporation,
RENE VISHNEY, and
ALTYRIS, INC., a North Carolina corporation
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

vs.

EWORK, INC., a Delaware corporation, and
EWORK MARKETS, INC., a Delaware corporation,
f/k/a "ProSavvy Inc."
f/k/a "eWork Exchanges, Inc."
f/k/a/ "PenGroup, Inc."
f/k/a "Industry Innovations, Inc."
f/k/a "Premier Expert NetGroup, Inc."

                Defendants.

---

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT ACKNOWLEDGEMENT**

---

1.    I have read and understand the terms and restrictions of the Protective Order entered in this action by the U.S. District Court for the District of Colorado on _____, 2006 in the above-captioned action (the "Protective Order"). I understand the provisions of the Protective Order, and I understand the responsibilities and obligations the Protective Order imposes on persons viewing the litigation material that is subject to the Protective Order ("Confidential Material"). I understand that any violation of the terms of the Protective Order may constitute contempt of a court's order. In accordance with the Protective Order,

so as to permit me to view the Confidential Material, or produce Confidential Material, which is subject to the Protective Order, I hereby agree to be bound by all of its provisions and terms, and I hereby submit to the jurisdiction of the U.S. District Court for the District of Colorado for the purposes of enforcement of the Protective Order.

2. If am a non-testifying consultant for one of the Parties to this action, I have confirmed before executing this Confidentiality Agreement Acknowledgement that I do not have a conflict of interest with the opposing Party, that I am not a competitor or employed by a competitor of the opposing Party, that I am not a consultant for a competitor of the opposing Party, and that I do not have an ownership interest in a competitor of the opposing Party. I agree to use Confidential Material disclosed to me for purposes of this action only, and I further agree not to use Confidential Material disclosed to me for proprietary or business purposes.

3. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Material. I understand that, if I fail to abide by the terms of the Protective Order, I shall be subject to sanctions by way of contempt of Court, separate legal and equitable recourse by adversely affected Designating Party, or other appropriate relief.

I state under penalties of perjury under the laws of Colorado and the United States that the foregoing is true and correct.

Executed on the _____ day of 2006.

By: _____

Printed Name: _____

Address: _____

_____

Telephone: _____