**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case Number: 06-cv-00686-WDM-BNB

MARTIN RAMIREZ,
SYNERGEST, INC., an Illinois corporation,
RENE VISHNEY, and
ALTYRIS, INC., a North Carolina corporation,
on behalf of themselves,
and all others similarly situated

        Plaintiffs,

v.

eWORK, INC., a Delaware corporation, and
eWORK MARKETS, INC., a Delaware corporation,
f/k/a "ProSavvy Inc.,"
f/k/a "eWork Exchanges, Inc,"
f/k/a "PenGroup, Inc.",
f/k/a "Industry Innovations, Inc,"
f/k/a "Premier Expert NetGroup, Inc.,"

        Defendants.

**ORDER OF PRELIMINARY APPROVAL**

   This matter is before me on the parties' Amended Joint Motion for Preliminary Approval [D.E. 149] and the separately filed Motion for Appointment of Class Counsel and Class Representatives [D.E. 146 & 147] filed by Counsel for Plaintiffs and the proposed Class. After full review of the file and hearings with counsel, I find, conclude and order as follows:

**I.  CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES.**

1

The parties have stipulated to class certification for settlement purposes only without waiver of any arguments that they may have concerning class certification issues or the specific factual issues that the Court must address under Fed. R. Civ. P. 23 which are set forth below.

For settlement purposes only, and as required by Fed. R. Civ. P. 23(c)(1)(B), the Court certifies and defines the following Class for settlement purposes only:

> All individuals and entities who paid any sum of money as Start Up Fees to ProSavvy, Inc. or eWork Markets, Inc. during the period January 1, 2000 through and including April 1, 2007.

Defendants and their officers, executives, and employees, all released parties, as well as Defendants' Counsel and Class Counsel shall be excluded from the Class.

For settlement purposes only I find:

**Numerosity.** The Class satisfies the Fed. R. Civ. P. 23(a) requirement of numerosity. The parties have stipulated that there are 6,886 members of the Class.

**Commonality.** The Class satisfies the Fed. R. Civ. P. 23(a)(2) requirement of commonality because common issues of fact and law arise from the First Amended Complaint filed in this Action. As required by Fed. R. Civ. Proc. 23(c)(1)(B), the common issues include the following: (1) whether Defendants' advertisements and marketing statements included deceptive statements and omissions of material fact in violation of the Colorado Consumer Protection Act; (2) the terms of Defendants' contracts with the Class and whether Defendants breached those contracts; (3) whether Defendants were unjustly enriched as a result of being paid Start Up Fees by the Class.

**Typicality.** The Plaintiffs satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3). Plaintiffs' and the Class' claims, as stated in the First Amended Class Action Complaint, arise from a common nucleus of operative facts and Plaintiffs' interests do not appear to be in conflict with or antagonistic to the interests of the Class.

**Adequacy.** The Plaintiffs and their counsel satisfy the adequacy requirement of Fed. R. Civ. P. 23(a)(4). Plaintiffs and their counsel have vigorously prosecuted the Class' claims to date. Further, Plaintiffs' and the Class' claims, as stated in the First Amended Class Action Complaint, arise from a common nucleus of operative facts and Plaintiffs' interests do not appear to be in conflict with or antagonistic to the interests of the Class.

**Predominance.** The Class satisfies the predominance requirement of Fed. R. Civ. P. 23(b)(3). The issues set forth above with respect to commonality appear to predominate over any individual issues.

**Superiority.** The Class satisfies the superiority requirement of Fed. R. Civ. P. 23(b)(3). This is the only class action pending against Defendants for the conduct described in the Complaint. It is desirable to concentrate the Class' claims in this District because Defendant eWork Markets, Inc. is headquartered in this District. Because this certification is for settlement purposes only, the remaining superiority factor of manageability is not before the Court.

**II.     DEFINITION OF CLASS CLAIMS AND RELATED DEFENSES.**

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the class claims, issues, and defenses are as set forth in the Amended Class Action Complaint and include: (1) whether

3

Defendants' advertisements and marketing statements included deceptive statements and omissions of material fact in violation of the Colorado Consumer Protection Act (Defendants contend they did not); (2) the terms of Defendants' contracts with the Class and whether Defendants breached those contracts (Defendants contend no contract terms were breached); (3) whether Defendants were unjustly enriched as a result of being paid Start Up Fees by the Class (Defendants contend no unjust enrichment occurred); and (4) whether Defendants should be enjoined from certain collection activities.  This definition of class claims and issues does not modify the definition of released claims as set forth in the parties' stipulation of settlement.

### III. APPOINTMENT OF CLASS COUNSEL.

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), I appoint Cafferty Faucher LLP and Charles Lilley & Associates P.C. as Class Counsel.  Pursuant to Fed. R. Civ. P. 23(g), the Court finds that these counsel: have engaged in extensive effort to investigate and identify potential claims; are highly experienced in handling class actions, other complex litigation, and claims of the type asserted in this action; have demonstrated their knowledge of the applicable law; and have and will continue to commit necessary resources to representing the Class.

### IV. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT.

I grant preliminary approval to the proposed Stipulation of Settlement attached as Exhibit 1 to the parties' Amended Memorandum of Points and Authorities In Support of Amended Joint Motion For Preliminary Approval  [D.E. 150].

During the hearing on February 27, 2008, the parties' counsel advised me that Defendants initiated assignment for the benefit of creditors proceedings and ceased operations on or about November 30, 2007, after the proposed Settlement was initially presented to the Court. I am further advised that, Defendants will no longer be able to provide the non- monetary relief specified in Paragraph 38 (regarding Project Verification) and Paragraph 39 (regarding Advertising of Clients) of the Stipulation. Defendants' counsel advised me that they are unaware of any other impact that the assignment for the benefit of creditors proceedings will have on the Settlement or Settlement Fund. In particular, counsel represent that the assignee disclaims any claim against members of the Class. The parties have since filed a Joint Notice of First Addendum to Stipulation of Settlement (Doc. No. 164) which contains the Amendment (Exhibit A) and an Affidavit which provides that the assignee of the assignment for the benefit of creditors has no objection to use of the settlement funds for the benefit of the class (Exhibit B).

I preliminarily conclude that the Settlement is fair, reasonable, and adequate and notice of the proposed Settlement should be sent to members of the Class.

**V. NOTICE TO BE SENT TO THE CLASS.**

I authorize the Revised Proposed Notice to the Class. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), I find that the Revised Proposed Notice concisely and clearly states in plain, easily understood language: the nature of the action; the definition of the Class, the Class' claims; that a Class member may enter an appearance through counsel if the member so desires; that I will exclude from the Class any member who requests

exclusion in the manner and by the deadline set forth in the notice; and that a judgment in this action will bind Class members who do not seek exclusion.

Further, I authorize the notice plan set forth in paragraph 49 of the Stipulation of Settlement. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court finds that the Revised Proposed Notice and the notice plan set forth in paragraph 49 of the Stipulation of Settlement to be the best notice practicable under the circumstances, which includes the fact that eWork Markets, Inc. communicated with the Class primarily through e-mail.

## VI. FINAL APPROVAL HEARING.

A Final Approval Hearing is set for **September 3, 2008, at 10:00 a.m.** in the Alfred A. Arraj United States Courthouse, 901 19th St. Courtroom A902.

During the Final Approval Hearing, the parties and interested persons may present: (i) the parties' arguments for why the Settlement is fair, reasonable, and adequate; (ii) the parties arguments for why the Class satisfies the requirements of Fed. R. Civ. P. 23; (iii) any objections to the proposed Settlement or distribution of the Settlement Fund; (iv) Class Counsel's motion, on behalf of the Claims Administrator, for reimbursement of expenses reasonably expended in sending notice and administering the Settlement Fund; (v) Class Counsel's motion for incentive fee awards to the Class Plaintiffs; (vi) Class Counsel's motion for reimbursement of expenses reasonably expended in prosecuting the Class' claims; and (vii) Class Counsel's motion for attorneys' fees; (viii) whether the Order of Final Approval and Judgment should be entered by the Court dismissing the case with prejudice (except as necessary to enforce

the Settlement); and (ix) any other matters related to the Settlement that are properly before the Court.

The Final Approval Hearing may, without further notice, be adjourned by the Court at the time of the hearing or on any date thereafter.

I reserve the right to approve the Settlement with or without modification and without further notice of any kind.

**VII.   OTHER DATES.**

In light of the Final Approval Hearing date of September 3, 2008 set forth above, the Court hereby sets the following deadlines in connection with the Final Approval Hearing are set:

Class Counsel shall send notice to the Class on or before:

>   June 25, 2008 (*i.e.*, 112 days after the date of this Order)

Class members shall cause any request for exclusion from the Class (opt-out request) to be mailed and postmarked on or before:

>   August 6, 2008 (*i.e.*, 154 days after the date of this Order).

Class members desiring to state an objection shall cause any objection to the proposed Settlement to be mailed to Class Counsel and counsel for the Released Parties and post-marked on or before:

>   August 6, 2008 (*i.e.*, 154 days after the date of this Order).

Class members desiring to update their mailing address for purposes of receiving any settlement distribution check to which they are entitled shall cause such notice of change of address to be mailed to the Claims Administrator and post-marked on or before:

>   August 6, 2008 (*i.e.*, 154 days after the date of this Order).

Class Counsel shall file, on behalf of the Claims Administrator, a motion for reimbursement of expenses reasonably incurred in sending the Notice to the Class and administering the Settlement Fund on or before:

> August 6, 2008 (*i.e.*, 154 days after the date of this Order).

Class Counsel shall file their motions for an incentive award for the four Class Representatives, reimbursement of expenses to Class Counsel, and an award of attorneys' fees to Class Counsel on or before:

> August 6, 2008 (*i.e.*, 154 days after the date of this Order).

The parties shall submit their Joint Motion for Final Approval on or before:

> August 20, 2008 (*i.e.*, 168 days after the date of this Order).

Class Counsel shall file a motion requesting an order authorizing the plan of allocation and distribution of the Settlement Fund on or before:

> August 27, 2008.

## VIII. TERMINATION.

I reserve the right to terminate this Order of Preliminary Approval if one or more parties so requests for the reasons set forth in paragraphs 66-69 of the Stipulation of Settlement, which include the following conditions: (i) I decline to enter an order granting final approval in the form substantially similar in all material respects to the proposed Order of Final Approval and Judgment attached as Exhibit E to the Stipulation of Settlement; or (ii) my order granting final approval and judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

In the event this Order of Preliminary Approval is terminated by the Court, (i) the parties shall be deemed to have reverted to their respective status as to each other and as to the action as of the date on which the Stipulation of Settlement was executed; and

(ii) the parties shall proceed in all respects as if this Order of Preliminary Approval had not been entered.

DATED at Denver, Colorado, on March 13, 2008, *nunc pro tunc* March 7, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge