# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case Number: 06-cv-00686-WDM-BNB

MARTIN RAMIREZ,
SYNERGEST, INC., an Illinois corporation,
RENE VISHNEY, and
ALTYRIS, INC., a North Carolina corporation,
on behalf of themselves,
and all others similarly situated,

                         Plaintiffs,

v.

eWORK, INC., a Delaware corporation, and
eWORK MARKETS, INC., a Delaware corporation,
f/k/a "ProSavvy Inc.,"
f/k/a "eWork Exchanges, Inc,"
f/k/a "PenGroup, Inc.",
f/k/a "Industry Innovations, Inc,"
f/k/a "Premier Expert NetGroup, Inc."

                         Defendants.

## ORDER OF FINAL APPROVAL AND JUDGMENT

      This matter is before me on the Parties' Joint Motion for Final Approval, the Unopposed Motion for Class Counsel Fees, Expenses, and Class Representative Incentive Awards, and the Unopposed Motion for Order Authorizing Plan of Allocation and Distribution of the Settlement Fund (Docket Nos. 177, 171, and 180 respectively). I have considered the Parties' Memorandum of Points and Authorities In Support of Joint Motion for Final Approval, the Stipulation of Settlement (Docket No. 149-1), the approved Revised Notice that was sent to the Class (Docket No. 157-1), the absence of

objections submitted by members of the Class, and all other pending Motions and exhibits.

At the Final Approval Hearing held on September 3, 2008, I heard the Parties' arguments for why the Settlement is fair, reasonable, and adequate and found it to be so. I also heard the Parties' arguments for why the Class satisfies the requirements of Fed. R. Civ. P. 23. I found the Settlement Class satisfies the four Fed.R.Civ.P. 23(a) requirements of numerosity, commonality, typicality, and adequacy as well as the Rule 23(b)(3) requirements of predominance and superiority. No objections to the proposed Settlement or distribution of the Settlement Fund remained.[1] I considered Class Counsel's motion for incentive fee awards to the four Class Representatives and found no objection to the amounts requested, considered Class Counsel's motion for reimbursement of expenses reasonably expended in prosecuting the Class' claims and found them reasonable, considered Class Counsel's motion for attorneys' fees and found them acceptable in this case, considered whether the Order of Final Approval and Judgment should be entered by the Court dismissing the case with prejudice (except as necessary to enforce the Settlement), and considered all other matters related to the Settlement that were properly before the Court.

During the hearing, I was notified that the Class Counsel would request an additional expense reimbursement to cover a portion of the costs for Mr. Fata's travel to and from Chicago to attend the Final Approval hearing. Class counsel subsequently informed the Court they were seeking an additional $359.00 to cover a portion of Mr.

---

[1] The Court notes the only Objection filed (Docket No. 167) was subsequently withdrawn (Docket No. 168). During the September 3, 2008 Fairness Hearing, the Court granted the motion to withdraw this objection.

Fata's travel expenses. Adding $359.00 to the originally requested expenses of $23,912.20 equals expenses totaling $24,271.20 which is less than the $25,000.00 anticipated by the Parties in the Stipulation of Settlement.

Subsequent to the hearing, Class Counsel contacted the Claims Administrator who verified the current Fund balance today is $393,822.49. The only disbursement to date is the $20,000.00 paid to the Claims Administrator pursuant to this Court's August 15, 2008 Order (Docket No. 173). Therefore the original $410,000.00 Fund has earned $3,822.49 to date.

I therefore find and order as follows:

1. This Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Class, the Defendants, and all Released Parties.

2. I confirm my ruling in the Order of Preliminary Approval dated March 5, 2008, and find that the Class was properly certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) for the reasons stated therein. Accordingly, for settlement purposes only, I certify the following Class pursuant to Fed. R. Civ. P. 23:

> **All individuals and entities who paid any sum of money as Start Up Fees to ProSavvy, Inc. or eWork Markets, Inc. during the period January 1, 2000 through and including April 1, 2007.**

Defendants and their officers, executives, and employees, all released parties, as well as Defendants' Counsel and Class Counsel shall be excluded from the Class. Also excluded from the Class is Calvin James who requested exclusion from the Class (Docket No. 172).

3. The Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all members of the Class who could be identified with reasonable effort. The form of Notice satisfied the content requirements of Fed. R. Civ. P. 23(c)(1)(B). The method of Notice satisfied the requirements of Fed. R. Civ. P. 23(c)(1)(B). In particular, e-mailed individual notices were the best notice practicable under the circumstances, which included the fact that eWork Markets, Inc. communicated with the Class primarily through e-mail. Supplemental United States and International mail notice was provided in those instances where email addresses appeared invalid. The form and method of Notice satisfied due process.

4. The Settlement is given final approval as being fair, reasonable, and adequate.

5. I find Class Counsel are experienced and adequate pursuant to Fed.R.Civ. P. 23(g) and are entitled to fees and expenses pursuant to Fed.R.Civ. P. 23(h).

6. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation of Settlement. The Settlement Fund will be distributed as follows: (1) payment of any taxes owed by the Settlement Fund; (2) payment to the Claims Administrator for yet unreimbursed expenses up to $10,000 reasonably incurred in sending Notice to the Class and distributing the Settlement Fund to the Class;[2] (3) award to Class Counsel for attorneys' fees of $123,000 for efforts

---

[2] On August 18, 2008 I authorized payment of $20,000 to the Claims Administrator for expenses incurred to date (Docket No. 173). Therefore, pursuant to the Stipulation terms, the Claims Administrator may receive up to another $10,000.00 for its expenses. Class Counsel have indicated they will move for distribution of the same at the

reasonably incurred in the prosecution of the Action on behalf of the Class; (4) reimbursement to Class Counsel for expenses in the amount of $24,271.20 reasonably incurred in the prosecution of the Action on behalf of the Class; (5) incentive award for Class Representatives for their efforts in representing the Class, specifically $7,500.00 for Martin Ramirez, $6,500.00 for Synergest, Inc., $5,500.00 for Rene Vishney, and $5,500.00 for Altyris, Inc.; and (6) payment of *pro rata* distribution to Class members of remaining amounts as set forth in the Stipulation and Revised Notice.

7. The Class is hereby permanently barred and enjoined from instituting any actions or proceedings against the Released Parties (as defined in paragraph 20 the Stipulation of Settlement) for any Released Claims (as defined in paragraph 19 of the Stipulation of Settlement). This Release binds all Class members as well as their heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, officers, directors, shareholders, members, partners, agents and employees (as set forth in paragraph 30 of the Stipulation).

8. This Action is dismissed with prejudice, with the exception that I shall retain jurisdiction over the Action as necessary to enforce the terms of the Settlement and to ensure distribution of the Settlement Fund in accordance with my orders.

DATED at Denver, Colorado, on September 15, 2008.

                                                 BY THE COURT:

                                                 s/ Walker D. Miller
                                                 United States Senior District Judge

---

appropriate time.